UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SAMUEL ADELANKE ADEGBESOTE,

            Petitioner,

v.

TRINA SWANSON, *Field Office Director, St. Paul District, United States Citizenship and Immigration Services (CIS)*; UR M. JADDOU, *Director, United States Citizenship and Immigration Services (CIS)*; MERRICK B. GARLAND, *U.S. Attorney General*; and ALEJANDRO N. MAYORKAS, *Secretary, Department of Homeland Security*,

            Respondents.

Civil No. 24-969 (JRT/SGE)

**MEMORANDUM OPINION AND ORDER ON MOTION TO REMAND**

---

Patrick Chinedu Nwaneri, **NWANERI LAW FIRM, PLLC**, 9898 Bissonnet Street, Suite 548, Houston, TX 77036, for Petitioner.

Liles Harvey Repp, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Samuel Adegbesote asks the Court to rule on his pending naturalization application, as significant time has passed without a decision from the United States Citizenship and Immigration Services ("USCIS"). USCIS states that if remanded, it is prepared to rule on Adegbesote's application within 21 days. For the sake of judicial

efficiency, the Court will grant the motion to remand and require USCIS both to make a decision within 21 days and to advise the Court and the Petitioner of that decision.

## BACKGROUND

Adegbesote, a citizen of Nigeria, entered the United States on December 31, 2010, on a student visa. (2nd Pet. ¶ 8, Mar. 19, 2024, Docket No. 1.) He married a United States citizen on July 11, 2012, and became a permanent resident on March 22, 2013. (*Id.*) This is the second time Adegbesote has asked this court to decide his naturalization status.

Adegbesote first applied for citizenship on May 2, 2016. (Civil No. 20-1940, 1st Pet. ¶ 9, Sept. 14, 2020, Docket No. 1.)[1] On September 14, 2020, Adegbesote petitioned the Court to assume jurisdiction over his naturalization application because more than 120 days had passed since completing his interview, and USCIS had not yet rendered a decision. (*Id.* ¶¶ 9–11.) The Court remanded to USCIS on the condition the agency decide Adegbesote's naturalization application within 30 days. (Civil No. 20-1940, Mem. Op. Order Mots. Summ. J. at 7–8, Jan. 18, 2023, Docket No. 107.) USCIS eventually denied Adegbesote's 2016 application less than a month later. (Civil. No. 20-1940, Not. by Resp'ts, Feb. 15, 2023, Docket No. 111.)

On April 23, 2020, Adegbesote applied for naturalization a second time. (2nd Pet. ¶ 9.) USCIS has yet to take any action on his second application. On March 19, 2024,

---

[1] The Court uses the civil case number when citing to the first petition but dispenses with it when citing to the current petition.

Adegbesote filed this petition[2] with the Court, asking it, once again, to assume jurisdiction over his naturalization application because 120 days had passed without a decision from USCIS.[3] (*Id.* at 7.) Respondents moved to remand back to USCIS, noting it is prepared to make a decision within 21 days of remand. (Mot. to Remand, May 17, 2024, Docket No. 8.)

Finally, days before the hearing on the Motion to Remand, Adegbesote filed a motion to enter default judgment in this case, claiming Respondents failed to respond to his second petition and that the Court should therefore enter default judgment against them. (Mot. for Default J., Oct. 4, 2024, Docket No. 20.)

## DISCUSSION

If USCIS fails to act on an application for naturalization within 120 days of the applicant's interview, the applicant may seek a hearing in district court for a determination on the application. 8 U.S.C. § 1447(b). The court may either determine the matter itself or remand the matter to USCIS for determination. *Id.*; *see also Haroun v. DHS*, 929 F.3d 1007, 1010 (8th Cir. 2019); *Biyamin O. v. Tritten*, No. 21-2750, 2022 WL 1617743, at *2 (D. Minn. May 23, 2022).

---

[2] Parties dispute whether USCIS has been properly served in this matter, as Petitioner attempted to serve the Attorney General via priority mail rather than certified mail. A motion to dismiss for insufficient service of process is not before the Court, so the Court need not address this dispute to issue the order to remand.

[3] The exact date of Adegbesote's interview for the second petition is not in the record. However, at the hearing on the Motion to Remand, Respondents stated that, for the purposes of this motion, they are conceding that 120 days have passed since the relevant interview.

However, courts hesitate to make naturalization decisions themselves, despite long delays by USCIS. Adjudicating a petitioner's application in the first instance "requires expertise that this Court does not possess." *Biyamin*, 2022 WL 1617743, at *2; *see also Morral v. Gonzales*, No. 07-2736, 2007 WL 4233069, at *2 (D. Minn. Nov. 28, 2007) (citation omitted). "USCIS has extensive knowledge and experience in evaluating the merits of a naturalization application." *Khan v. Gonzales*, No. 8:07-29, 2007 WL 2108918, at *2 (D. Neb. July 18, 2007).

Here, notwithstanding the Court's ability to make a decision, remand is appropriate. First, USCIS is better situated than the Court to leverage its expertise with naturalization decisions in general and, given its long history with Adegbesote, with this case in particular. Second, though the Court is troubled by the length of time it has taken USCIS to make a decision on Adegbesote's second naturalization application, because the Court would need to begin fact discovery anew, it serves judicial efficiency to remand and allow USCIS to make a decision within 21 days. Finally, remand does not foreclose a federal judicial remedy for Adegbesote. If he is unhappy with the final decision by USCIS, Adegbesote is free to seek judicial review by the Court, which will then have the benefit of a fully developed administrative record.

To expedite a decision, the Court will therefore remand to USCIS on the condition that it make a decision on Adegbesote's naturalization application within 21 days.

Because the matter will be remanded to USCIS, the motion for entry of default judgment will be denied as moot.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondents' Motion to Remand [Docket No. 8] is **GRANTED**.

2. Petitioner's Motion for Default Judgment [Docket No. 20] is **DENIED as moot**.

3. Petitioner's request for adjudication of his Application for Naturalization is **REMANDED** to the USCIS to fully process and issue a determination on Petitioner's naturalization application within 21 days from the date of this Order. Upon completion of the adjudication, the USCIS shall promptly inform this Court and the Petitioner of its decision.

4. Respondents are ordered to show cause to this Court for any failure to comply with the substance of the Court's Order and to do so before the expiration of the 21–day deadline set forth herein. This Court will retain jurisdiction over the matter in the interim to ensure that the USCIS complies with this Order.

DATED:  November 26, 2024                         _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                             JOHN R. TUNHEIM
                                                                United States District Judge